## Whitcomb & May *vs.* Green.

The defendant on the trial in the common pleas of an appeal from a judgment in a justice's court, may give evidence drawing in question the title to lands, where the same is generally admissible under the pleadings, though such evidence could not have been received before the justice.

Error to the Allegany C. P. The suit in the common pleas was an appeal from a judgment rendered before a justice in which Green was the plaintiff and Whitcomb & May were defendants. The declaration was on a promissory note to which the general issue was pleaded. On the trial in the common pleas the plaintiff having proved the note and rested, the defendants, under a notice of special matter, offered to shew that the note was given for the purchase price of growing trees sold by the plaintiff to the defendants, and that the plaintiff had no title to the land upon which the trees were growing. This was objected to on the ground that the justice had no jurisdiction to try a question of title, and that no evidence was admissible on the trial of the appeal which would not have been competent in the justice's court where the cause was first tried. The court sus-

tained the objection and excluded the evidence and the defendants excepted. The plaintiff had a verdict and judgment, upon which this writ of error was prosecuted by the defendants.

*A. S. Diven,* for the plaintiffs in error, relied on the provision declaring that issues of fact brought into the common pleas by appeal should " be tried by jury or referred in the same manner as if the same had been joined in a suit originally commenced in the court of common pleas." (2 *R. S.* 263, § 216.) He cited *Jackson* v. *Covert's administrators,* (5 *Wend.* 139,) where a recovery in the common pleas in an appeal suit for an amount exceeding that to which the justice's jurisdiction was limited was sustained, as analogous to this case.

*W. G. Angel,* for the defendant in error, maintained that by the terms and obvious policy of the statute a defendant sued before a justice was precluded from making a question as to the title to lands, unless he would plead or give notice of title pursuant to the provisions of 2 *R. S.* 236, § 59 *et seq.* An appeal, he contended, was a proceeding in the nature of a review of the former judgment, and should be tried upon the same principles which governed on the former trial, where it was conceded that evidence upon the question of title could not be received. If this were not so, a judgment in a justice's court in all respects legal and correct and which therefore ought to stand, could not be sustained on appeal. This would be an incongruity which the legislature never contemplated. He cited *Dewey.* v. *Bordwell,* (9 *Wend.* 65.)

*By the Court,* JEWETT, J.(*a*) The counsel for the defendant in error assumes that the defendants before the justice could not have been permitted to give evidence of the failure of the consideration of the note, as it would have involved the question of title to lands, of which the justice had no cognizance; that if the defendants below desired to avail themselves of such de-

---

(*a*) This cause was decided at May term, 1845.

fence, they should have pleaded title before the justice according to the requirements of the statute. On the other hand, it is insisted that a defendant can avail himself on appeal of any evidence which would have been admissible under the pleadings, if the suit had been originally commenced in the common pleas.

By the statute relied on by the counsel for the plaintiffs in error it is provided (§ 216) that " every issue of fact so joined or brought up on appeal shall be tried by a jury, or referred in the same manner as if the same had been joined in a suit originally commenced in the court of common pleas." The evidence offered would have been admissible under the pleadings if the suit were an original one in the common pleas, instead of an appeal. The case of *Dewey* v. *Bordwell*, referred to by the counsel for the defendant in error was an appeal from a justice's judgment in an action of trespass *quare clausum fregit*. The plea before the justice was the general issue. It was held that the defendant was not at liberty to show title in himself on the trial in the common pleas, because such evidence was not admissible under those pleadings in any court.

We think the common pleas erred in the case before us in excluding the evidence. There must be a *venire de novo*.

Judgment reversed.