## NEW YORK COMMON PLEAS.

THEODORE A. TOMLINSON agt. THE MAYOR, &c. OF NEW YORK.

Where the referees found as their conclusion of law that the services rendered by the plaintiff in forty-three suits, as counsel to the corporation, were no part of the duties imposed upon him by the ordinances of the common council, and that the defendants were indebted to the plaintiff in the sum stated—$32,256.91,

*Held,* that as the referees did not find as a fact that these suits arose out of the business of the *alms-house department,* there was no foundation whatever for the legal conclusion that the services rendered in them formed no part of the plaintiff's official duties.

Everything asserted to support the judgment must appear in the statement of facts. The Code says that referees "must state the facts found and the conclusions of law separately." No fact, therefore, is or can be implied from the conclusions of law; they follow as the result of facts separately stated.

*New York General Term, March,* 1862.

DALY, BRADY and HILTON, J. J.

THIS is an appeal from a judgment entered upon a report of the referees, by which it is found that the city was indebted to the plaintiff in the sum of $32,256.91, for professional services rendered by him while filling the office of attorney to the corporation, which services the referees find formed no part of his official duties.

> MOSES ELY and HENRY H. ANDERSON, *for the corporation, appellants.*
>
> WM. M. EVARTS, *for the plaintiff, respondent.*

By the court, DALY, F. J. The appeal comes up solely upon the judgment record. Exceptions were taken to the

finding of the referees upon certain questions of fact, but a case was not made within the time required, and the only question that we have to pass upon is, whether the statement of facts set forth in the referees' report, and which forms part of the record, is sufficient to warrant the judgment.

The referees find, as matter of fact, that the plaintiff was appointed attorney to the corporation on the 12th of May, 1847. Before his appointment the salary of the office was fixed at $2,000 per annum, and the duties of that officer, as defined by an ordinance, were to commence and prosecute all suits for breaches of the laws and ordinances of the corporation, all suits arising under the charter of the city, and all actions upon the laws of the state where the penalty was given to the corporation or to the overseers of the poor of the city.

On the 8th of May, 1848, it was provided by ordinance that the law business of the alms-house department and of the alms-house commissioners should thereafter be performed by the attorney to the corporation ; and on the 28th day of November following, the salary of that officer was increased by an addition of $3,000 per annum, which was to take effect and be payable from the 8th day of May previous, and this additional salary was to be for transacting the law business of the alms-house department, and for prosecuting suits arising out of the business of that department, and was to be a full compensation for all costs and counsel fees as against the defendants in all cases where such suits had been commenced since the 8th day of May previous.

On the 18th day of December following, the plaintiff, at the request of the defendants, was substituted as their attorney in the place of Edmund J. Porter, Esq., in six suits in the supreme court, in which the people of this state were plaintiffs, and in thirty-seven suits in this court, in which the defendants were plaintiffs, all of which had been

commenced before the 8th of May, 1848, and it is for the services rendered in these suits that the referees have found that the plaintiff is entitled to recover against the city $21,129.52, as costs taxed between attorney and client upon due notice to the defendants, and the sum of $9,950 for counsel fees, together with the interest, to the amount of $1,177.49, making in all the sum of $32,256.91.

The referees find, as their conclusion of law, that the services rendered by the plaintiff in these forty-three suits were no part of the duties imposed upon him by the ordinance of May 8, 1848, but were independent of such duties, and were not included in the compensation awarded for the performance of such duties by the ordinance of the 28th of November, 1848, and of stating this as their conclusion of law they find that the defendants are indebted to the plaintiff in the sum stated.

All that appears by the statement of facts respecting these suits, is their titles, the court in which they were brought, that they were commenced before the 8th of May, 1848, and that the plaintiff had no connection with them until he was substituted as the attorney for the defendants in the place of Mr. Porter. The extra compensation of $3,000 per annum was given for transacting the law business of the alms-house department, and for prosecuting suits arising out of the business of that department commenced after the 8th of May, 1848. Whether it is to be understood from this that the plaintiff was to be separately compensated, independent of his salary of $5,000, for services he might render in suits growing out of the business of the alms-house department, which had been commenced before the 8th of May, 1848, is a question that does not arise upon this record, as the fact is not found by the referees that these forty-three suits arose out of the business of that department. All that is found as a matter of fact respecting them is what has been stated, and for all that appears in that statement, they may have been actions

which the plaintiff was bound, as corporation attorney, to prosecute under the ordinance existing at the time of his appointment. The fact that he was substituted as attorney in them, at defendants' request, in the place of Mr. Porter, and that before that he had no connection with them, discloses nothing as to the nature of the suits, or whether they were or were not connected with the business of the alms-house department. They may have been, but there is nothing upon the statement of facts recorded to show it. This is a judgment against the city for a large sum, greater than the annual salary of the corporation attorney would be for six years, and as we know nothing of what took place before the referees, as the testimony presented to them is not before us, it is our duty to see that the facts found by them fully sustain the judgment entered upon their finding. It may be urged that the fact that these forty-three suits arose out of the business of the alms-house department is implied by the conclusion of law of the referees, that conclusion indicating that they regarded them as suits of that nature commenced before the 8th of May, 1848. But this is not sufficient. It must be distinctly found as a fact that they were suits growing out of the business of that department, if that fact is necessary to sustain the legal conclusion arrived at by the referees and the judgment predicated upon it. Everything asserted to support the judgment must appear in the statement of facts. The Code says that the referees " must state the facts found and the conclusions of law separately." No fact, therefore, is or can be implied from the conclusions of law ; they follow as the result of facts separately stated. As it is not found in the statement of facts that these suits arose out of the business of the alms-house department, there is no foundation whatever for the legal conclusion that the services rendered in them formed no part of the plaintiff's official duties. If any conclusion is to be drawn from the facts stated, it is that they did.

If it had been found that they were suits growing out of the alms-house department, I do not wish to be understood as conceding that even then this judgment could be sustained. There are other grave objections to it, which it is not necessary now to discuss. It is sufficient to say that the legal conclusion of the referees, that the plaintiff is entitled to recover from the defendants the sum of $32,256.91, is not sustained by the facts embodied and set forth in their report.