## NEW YORK SUPERIOR COURT.

THE MAYOR, &C. OF THE CITY OF NEW YORK agt. HENRY ERBEN and THE NEW YORK LIFE INS. & TRUST CO.

*Exceptions* to findings of *fact* are not required.

Where exceptions to the *conclusions of law* are not made within *ten days after judgment,* none can be sustained upon an *appeal,* and the case is heard solely upon the exceptions taken at the *trial.*

Where the complaint averred the payment of a certain sum of money as "an excess of an amount awarded, and not of right due and payable to the defendant; and that said payment was made under a mistake of fact on the part of the plaintiffs," &c.,

*Held,* that *evidence,* as to the validity and correctness of the proceedings of the commissioners of estimate and assessment, and as to the sufficiency of the award made by them to the defendant, was properly allowed under the issue tendered by defendant to such allegations.

The rule with respect to *voluntary payments* is, that if a party has actually paid what the law would not have compelled him to pay, *but what in equity and good conscience he ought,* he cannot *recover it back* in' an action for *money had and received.*

*General Term, February,* 1863.

THIS action was commenced on the 29th of January, 1858, to recover of the defendants $9,000, and interest from the 10th day of May, 1855, for an alleged over-payment to the defendants as owners and mortgagees of the lots Nos. 158, 164 and 166 Centre street, upon the proceedings for the extension of Canal street and the widening of Walker street.

The defence was a denial of over-payment, and an averment that the amount paid was the true value of the property taken by the city, as estimated by the commissioners of estimate and assessment in the proceedings referred to, and that any statement in their report in conflict with this fact, was the result of a clerical error in making up the formal report.

The case was on the calendar from April term, 1858, until November term, 1859, when the same was referred by the court to George W. Stevens, Esq., as referee.

The trial was commenced on the 2d of December, 1859, and was finished on the 31st of July, 1861. The referee held the matter under advisement until November 9, 1861, when he reported in favor of the defendants. On the 18th. of November, 1861, judgment was entered for the defendants, and on the 20th of November, 1861, appeal was taken by the city to the general term of this court.

> GREENE C. BRONSON, R. F. ANDREWS and G. R. THOMPSON, *counsel for the city.*
> MATHEWS & SWAN, *counsel for the def't* HENRY ERBEN.
> BETTS & ROBINSON, *counsel for the def'ts, The New York Life Insurance & Trust Company.*

By the court, MONCRIEF, J. This action was brought in the year 1858, to recover from the defendants the sum of nine thousand dollars, and interest from May 10, 1855, upon an allegation that said sum " was an excess of an amount awarded, and not of right due and payable to the defendant Erben; that said payment was made under a mistake of fact on the part of the plaintiffs," &c.

The action was referred by consent of parties to a referee, who reported in favor of the defendants in November, 1861. Judgment was entered upon this report on the 18th day of November, 1861. Exceptions to the conclusions of fact and law, found by the referee, appear to have been filed in the month of January, 1862.

Without attempting to give in detail the testimony sustaining each of the findings of fact, as set forth in the case upon this appeal, it must suffice that in my opinion no error was committed by the referee in that regard. Exceptions to findings of fact are not required. (*Hunt* agt. *Bloomer*, 3 *Kern. Rep.*, 341; *Johnson* agt. *Whitlock, id.*, 346.)

Where exceptions to the " conclusions of law," found by the referee, are not made by the making of a case, or by the filing of written exceptions within ten days after judgment, none can be sustained upon an appeal, and the case

is heard solely upon the exceptions taken at the trial. (3 *Kernan, supra; Magie* agt. *Baker*, 4 *id.*, 435.)

The appellants argued, " as one of the principal questions on this appeal, the exceptions to the ruling of the referee in allowing evidence as to the validity and correctness of the proceedings of the commissioners of estimate and assessment, and as to the sufficiency of the award made by them to the defendants."

The complaint averred the payment of a certain sum of money, " not of right due and payable, and a payment made under a mistake of fact on the part of the plaintiffs." There is no pretence that the defendant Erben was guilty of a wrong in accepting the amount actually paid to him, or that he believed or had reason to suppose he was taking what was not of right due and payable to him. True it is, the commissioners in their report awarded to him a sum of nine thousand dollars less than the sum he actually received, but it is also true that he had inquired and had been advised, and had no reason to doubt, that he would be awarded the just and fair value of his property; that he would be entitled to receive the exact sum actually paid to him, the commissioners told him; the sum paid was the fair and actual value of the land taken from the defendant Erben; the rule adopted by the commissioners for measuring the valuation of property to be taken, entitled the defendant Erben to a larger sum than was paid to him. He was advised at the office of the street commissioner, when he called for the perpose of inspecting the report, and upon inquiry therefor, that the amount awarded to him was the sum paid to him; he was thereby induced to omit filing objections to the report, which as a matter of fact is conceded to have awarded to him only the sum of $15,805, the plaintiffs resting upon their claim to recover back a supposed over-payment for about a period of three years.

The answer of the defendant Erben apprised the plaintiffs that he should interpose these several matters as a

defence to their claim. The defence was a just and reasonable one. To have sustained the objection and precluded the defendant Erben from showing this defence, would have been manifest injustice. If the plaintiffs had paid more than was stated as the award to him, and did so, having possession of the report, under a mistaken notion that he was awarded the sum paid, yet they had not paid to him more than of right and in justice was due and payable to him, and they had misled him and lulled him into silence until long after the period when he could correct the only mistake which was made, the stating a clearly inadequate compensation for what was taken from him.

Their proposition seems to be this: the land we took from you was worth more than we have paid; the commissioners and the street commissioner's officers advised you of being entitled to the sum paid; you could not have filed objections against the award actually inserted in the report, and corrected it by inserting the amount we have paid. We have your land, and although you innocently and without fault have accepted what we voluntarily paid, and less than as strict right you might have claimed, yet we claim that the report being confirmed, and it being manifest that in and by it you were awarded only $15,805, the excess on that amount should be refunded.

The adoption of this rule works plain wrong and injustice.

The least that the plaintiffs should be required to do would be to reinstate him in the position he was when the mistake was made by the commissioners in inserting an incorrect amount of award to him, or to enable him now to have the same advantage of showing error in the report that he would have had if the commissioners and others had not misled him.

The evidence was properly received; it established an issue tendered by the defendant Erben.

The rule with respect to voluntary payments is, that if a party has actually paid what the law would not have

compelled him to pay, but what in equity and good conscience he ought, he cannot recover it back again in an action for money had and received. The objections taken at the trial were properly overruled, and the exceptions thereto untenable.

Upon the merits, as presented by the case upon appeal, we then have a payment made on behalf of the plaintiffs voluntarily, without fraud or deceit, or knowledge of the fact on the part of the defendant Erben, more than two years before reclamation is attempted or an assertion of error or mistake on their part—the fact that he was misled by those acting on behalf of and for the plaintiffs, and prevented from correcting the real mistake that was made in not inserting the amount he received; and that the plaintiffs have received and been in the enjoyment of his property, of the value, if not greater than, of the amount that was paid to him; and applying the rule just given, the plaintiffs having voluntarily paid what the report in terms did not require them to pay, but an amount which in equity and good conscience they should have paid, the plaintiffs cannot recover it back again.

It would be in the highest degree an injustice to permit the plaintiffs to assert their claims of payment under a so-called mistake, under the circumstances detailed in the evidence, and found as matters of fact in the present case.

The action against the defendants, the New York Life Insurance and Trust Company, could not under any circumstances have been maintained.

The company was a mortgagee having a lien for the sum awarded to it; the company received only the amount due to it. The fact that the checks were payable to the joint order of the defendants, perhaps, might create the company a disbursing agent of the plaintiffs to liquidate their claim and transfer the residue of the amount to the defendant Erben, which the company did. There was no mistake in the payment to it, nor in my opinion was there paid to the

defendant Erben any sum of money " not of right due and payable to him."

We think the judgment is correct and should be affirmed.