.          COWEN *vs.* THE VILLAGE OF WEST TROY.

When a party relies upon erroneous decisions made upon a trial before a referee, it is not necessary to make and serve formal exceptions to the report of the referee. If it is claimed that the referee has erred in his legal conclusions, then the party must apprise his adversary of the ground of his objections, by serving exceptions, in the manner provided in the first clause of sec. 268 of the code of procedure.

An ordinance passed by a municipal corporation must be made to conform, strictly, to the provisions of the charter.

The charter of the village of West Troy required the trustees, whenever they should deem it necessary to make or repair any highway, street, &c. to give a notice of three weeks, in a newspaper, requiring the owners of lands to make the improvement, in such a manner, and with such materials, as the trustees should direct, within six weeks, under the supervision of the street commisioner, or that the same would be done by the trustees, and the expense charged upon the lot or lots, &c.; and in case of the neglect or refusal of such owner to make the improvement specified, within the time limited, the trustees were authorized to do the same, and assess the expenses upon the lots. On the 7th of December, 1855, the trustees passed

Cowen *v.* Village of West Troy.

an ordinance requiring the owners of lots affected by it, within six weeks, to cause a street to be pitched and graded opposite their respective lots; and that in case of neglect or refusal, the street commissioners should cause the work to be done and the expenses to be assessed upon the lots. On the 1st of January, 1856—less than a month after the passage of the ordinance—the work to be performed under it was awarded to McG., and was subsequently done by him. The ordinance contained no provision prescribing the manner in which the work should be done, or what materials should be used; and there was no proof of publication of the three weeks' notice provided for by the charter, and no delay of six weeks from the first publication of the notice, to enable the owners to perform the work themselves.

*Held* that the proceedings under the ordinance were without authority and utterly void; and that as a necessary consequence no action would lie against the corporation, to recover for work and labor done under it.

*Held, also,* that the fact that the work was done under the direction of the street commissioner did not obviate the difficulty.

And that a subsequent ratification of the contract, whether before or after the work was done, would not make the contract obligatory upon the corporation.

When the contract under which work is done for a municipal corporation is void, because entered into in violation of its charter, the contractor can not recover for the work in any form; neither under the contract nor upon the *quantum meruit.*

A person contracting with a municipal corporation is bound to see that the provisions of its charter have been complied with; and if he proceeds without doing so, he must take the consequences of his temerity or want of care.

APPEAL from a judgment entered on the report of a referee in favor of the plaintiff. The action was brought to recover for work, labor and services alleged to have been rendered by one James McGrath for the defendants. It was admitted, on the trial, that the sum of $64 was due for work done. The balance, $224.18, the defendants claimed was for work performed in pitching and grading Stafford street in the village of West Troy, under an ordinance passed by the trustees on the 5th of December, 1855, which, it was alleged, was void on its face, not being in conformity with the provisions of section 51 of the charter of said village. The plaintiff, on the trial, introduced evidence to show the passage of the ordinance, the proceedings under it, including an

award of the job to McGrath, and his working under it.
Various objections were made to the introduction of this evi-
dence, upon the ground that the ordinance and proceedings
were void, the ordinance not having been passed and the pro-
ceedings conducted according to the provisions of the charter.
The points made will appear in the opinion of the court.
The claim had, before suit brought, been assigned to the
plaintiff. The referee reported in favor of the plaintiff, a
judgment was entered upon the referee's report, and the
defendants appealed to the general term of the supreme court.

*A. Kemey,* for the appellants.

*P. W. Bishop,* for the respondent.

*By the Court,* MILLER, J. A preliminary objection is
raised in this cause, as to the right to review the decision of
the referee, upon the ground that no exceptions have been
taken to the referee's report. It is insisted, that no excep-
tions having been taken, it is an admission that none will lie;
and in view of the admissions made as to the correctness of
the findings of facts and conclusions of law of the referee, the
case can not be reviewed.

It is no doubt essential, in order to review, at general
term, any finding or final decision of a referee upon a ques-
tion of law or fact, that exceptions should be served to the
referee's report, within ten days after notice of the judgment.
(*Code,* § 268.) And when the case does not contain excep-
tions taken during the trial or after the judgment, it can not
be reviewed by the court, and the appeal will be dismissed.
(*Hunt* v. *Bloomer,* 3 *Ker.* 341.) But when the party relies
upon erroneous decisions made upon the trial, it is not neces-
sary to make and serve formal exceptions to the report of the
referee. If he insists that the referee has erred in his legal
conclusions, then he must apprise the party of the ground of
his objections, by serving exceptions in the manner provided

in the first clause of § 268 of the code. Several objections were taken, on the trial before the referee, to the admission of testimony and otherwise, and exceptions made to his rul-ings in disposing of these objections. I think there can be no legal objection to reversing the decisions of the referee in the particulars named, and if it be found that he has erred therein in any way, to setting aside his report for that reason.

It is claimed by the defendant that the work performed in pitching and grading Stafford street in the village of West Troy, for which a recovery was had, was done under an ordi-nance which was not in conformity with the provisions of sec. 51 of the charter of the village. (*Laws of* 1850, *p.* 445.)

By the section of the charter above cited, the trustees of the village, when they deem it necessary to make or repair any highway, street, &c. are required to give public notice in one of the newspapers printed in said village, once in each week for three weeks successively, requiring the owners of lands to do the same in *such a manner and with such mate-rials as the board of trustees shall direct,* within six weeks from the first publication of said notice, under the supervision of the street commissioner, or that the same will be done by said trustees, and the expense thereof charged upon the lot or lots respectively and be a tax against the owner. And if the owners neglect or refuse to make the improvement specified and required, within the time limited therefor, the trustees are authorized to do the same, and to assess the expenses upon the lots respectively in front of or adjoining said improvement.

The ordinance under which it is claimed the work was done, was passed on the 7th of December, 1855. It required the owners of the lots affected by it, within six weeks after its publication, to cause the street to be pitched and graded opposite their respective lots, and that the sidewalks and gutters should be constructed so as to conform to a profile of said street adopted by a former board of trustees, and

that the work should be done under the supervision of the street commissioner.

It further provided that in case the owners should refuse or neglect to comply with its requisitions within the time specified, the street commissioner should cause the work to be done, and the expenses incurred thereby should be assessed upon the lots, according to law. Upon the first of January after the passage of the ordinance, less than one month, the work to be performed under it was awarded to the assignor of the plaintiff, and under this award it appears to have been done.

It must be observed that the ordinance contained no provision prescribing the manner in which the work should be done, or what materials should be used in performing the job. Besides this, there was no proof of publication of the notice of three weeks, provided for by the charter, and no delay of six weeks from the first publication of the notice, to enable the owners to perform the work themselves, as they have a right to do, within that period of time. In less than one month after its passage, without pursuing these plain provisions of the statute, the work was given out, and they were never complied with. It is very evident that the proceedings under this ordinance were entirely without authority, and utterly void. As a necessary sequence no action can lie to recover for work done under it. An ordinance passed by a municipal corporation must be made to conform strictly to the provisions of the charter. (*Thompson* v. *Schermerhorn,* 9 *Barb.* 152. 2 *Seld.* 92.) And when the contract under which the work is done is void, because entered into in violation of the charter, the contractor can not recover for the work in any form, neither under the contract nor upon the *quantum meruit.* (*Brady* v. *The Mayor of New York,* 16 *How.* 432. 20 *N. Y. Rep.* 312. *Bonesteel* v. *The Mayor of New York,* 20 *How.* 240. *McSpedon et al.* v. *The Mayor of New York, Id.* 395.)

Those who deal with a corporation, the mode of whose

action is limited, must take notice of the restriction in its charter, and see to it that the contracts on which they rely are entered into in the manner authorized by the charter. (16 *How.* 432.) Within the rules laid down in the authorities above cited, I am of the opinion that the plaintiff was not entitled to recover for the work done under the ordinance. The fact that the work was done under the direction of the street commissioner by no means obviates the difficulty. This was in accordance with the express provision of the ordinance, and it does not aid the plaintiff's case that a void and illegal ordinance was carried into effect under a competent officer. It is said that the defendants ratified the contract by auditing the bill, and by the payment of part of the amount. Even a subsequent ratification of the contract, whether before or after the work was done, does not make the contract obligatory upon the corporation. (16 *How.* 432. *Hodges* v. *The City of Buffalo,* 2 *Denio,* 113.) It is also urged that the question of validity of the ordinance is not in the case, and that the contractor acted under the direction of the street commissioner, and only performed such services as, by section 16 of the charter of the village, the commissioner was directed to have performed. The street commissioner is only authorized to act under the direction of the trustees in superintending and in carrying into execution the ordinances and resolutions of the board of trustees. And much of the evidence introduced by the plaintiff was designed, apparently, to establish that the work was done under the ordinance, and that such was its legal effect. I think, therefore, that it can not fairly be claimed that the work was done independently of the ordinance, and that its validity is not in question. The plaintiff also relies upon the finding of the referee that the work and labor were performed for and at the request of the defendants, and that no exception was taken to this finding. If no exceptions had been taken to the rulings of the referee upon the questions arising as to the admissibility and the striking out of evidence, the point,

perhaps, would be well taken. As the case stands, however, with repeated decisions of the referee in favor of evidence which showed that the ordinance was invalid, and exceptions taken to his decisions, I think the objection is not available. In the case before us the equities are certainly with the plaintiff, and it is very apparent that all the parties acted under the supposition and belief that the contract was à valid and binding one, and that the trustees had power to make it; but under the rules of law applicable to such cases, I do not see, that the plaintiff has any legal remedy. The contractor is bound to see that the provisions of the charter have been complied with, and if he proceeds without doing so, he must take the hazards of his temerity or want of care.

The referee having erred in allowing $224.18, with interest from April 30, 1858, for the labor and services done in pitching and grading Stafford street, the judgment should be reversed, unless the plaintiff deduct that amount. If he deduct, then judgment should be affirmed as to the residue, without costs of appeal to either party.

Judgment accordingly.

[Albany General Term, March 7, 1864. *Peckham, Miller* and *Ingalls,* Justices.]