# N. Y. SUPERIOR COURT.

FRANCIS DAINESE, plaintiff and appellant, agt. RICHARD H. ALLEN and ANTHONY B. ALLEN, defendants and respondents.

Where a case, as settled, contains *no exception*, either to the final decision or to any question of law decided during the trial, the court cannot, on appeal, review it.

But exceptions to conclusions of law may be reviewed, although the printed case does not contain any of the evidence. On such an appeal the question is, has the judge or referee drawn a correct conclusion from established facts?

Findings of fact need no exception; and when a party relies *exclusively* upon erroneous decisions made during the trial, it is not necessary to make and serve formal exceptions to the conclusions of law, or to the final decision.

Where the case contains no exception to the dismissal of the complaint in the action, or to the referee's conclusions of law, the court, nevertheless, have the power to review the rulings of the referee upon the questions of evidence, which arose upon the trial and are presented by the exceptions taken at the time, and to reverse the judgment and grant a new trial if it is found that the referee has erred in any of these particulars to the prejudice of the plaintiff.

The rule in regard to rejected evidence on the trial is, that the appellate court will not inquire into the relevancy of rejected evidence, unless such evidence, or its substance, appear in the case, but will assume that the judge or referee who tried the cause properly rejected it.

On appeal every reasonable intendment, on questions of law as well as of fact, is to be made in support of the judgment; and the party who alleges error in the decision of a referee, or of a judge without a jury, holds the *onus* of establishing, either that an erroneous legal conclusion has been deduced from the facts found, or that some error of law has been committed in the interlocutory proceedings by which such conclusion was reached.

*Held*, that in the light of the facts disclosed in this case it was easy to see that the rejected correspondence, as evidence, if admitted, would not have changed the result.

Dainese agt. Allen.

*General Term, May,* 1873.
*Before* BARBOUR, *C. J., and* FREEDMAN *and* SEDGWICK, *JJ.*
APPEAL from judgment entered upon the report of a referee.

In the latter part of the year 1863 and the first part of 1864 the plaintiff was engaged in business in Alexandria, Egypt; the defendants were in business in the city of New York.

The plaintiff had two agents in America, William C. Zantzinger, of Washington, and John Hopper, of New York. Through these agents and by direct correspondence there was much negotiation between the parties to this action.

The action was commenced in the year 1866 to recover $6,867.65 alleged to have been overpaid the defendants by plaintiff's agents. The plaintiff claimed (1) that he had instructed Zantzinger to ship certain goods to him in Egypt at fixed prices; (2) that defendants knew the limits and filled the order at higher prices; (3) that defendants had shipped with his goods certain goods on their own account, upon which he should be entitled to a credit; and (4) that certain ice shipped was ordered by plaintiff on condition that it arrived in Egypt by a certain date, and that it was shipped too late to arrive at such time.

The defendants claimed (1) that there was no fixed limitation as to price; (2) that no notice was brought home to the defendants of any limitation as to kind or price; (3) that they had not been overpaid; (4) that the shipment of ice was duly authorized, and that they had shipped, upon the orders of Hopper to Dainese, goods to the value of $28,737.85, and upon their own account of $814.73, upon which they had been paid $20,400.15, and they set up a counter-claim for the balance due, $9,089.22 and interest, and for the value of the invoice forwarded on their own account, amounting to $814.75, which was not accounted for.

The action having been referred, the referee decided all the matters of fact in defendants' favor, dismissed plaintiff's complaint, to which dismissal no exception was taken, and gave

judgment in defendants' favor for the amount of $13,087.76, being the amount unpaid of the invoice forwarded to the plaintiff by Hopper's orders, and $167.25, the value of a cotton-gin, from the invoice of $814.75, forwarded on defendants' account, leaving out of consideration the remainder of that invoice.

No exceptions to the findings of fact or of law were taken to this report by either side.

The plaintiff appealed and claimed a reversal of the judgment on the ground of alleged erroneous rulings of the referee on questions of evidence which had been duly excepted to.

SAMUEL HUNTINGTON, *for appellant.*
JOHN L. CADWALADER, *for respondents.*

*By the Court,* FREEDMAN, *J.*—Section 272 of the Code provides: " The trial by referees shall be conducted in the same manner and on similar notice as a trial by the court. * * * They must state the facts found and the conclusions of law separately, and their decision must be given, and may be excepted to and reviewed in like manner, and with like effect in all respects, as in cases of appeal under section 268; and they may in like manner settle a case on exceptions. The report of the referees upon the whole issue shall stand as the decision of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court."

Section 268, thus referred to, and which relates to a trial by the court without a jury, further prescribes that *"for the purpose of an appeal* either party may except to a decision on a matter of law arising upon such trial within ten days after notice in writing of the judgment, in the same manner and with the same effect as upon a trial by jury. * * * And either party desiring a review upon the evidence appearing on the trial, either of the questions of fact or of law may,

at any time within ten days after notice of the judgment or within such time as may be prescribed by the rules of the court, make a case or exceptions in like manner as upon a trial by jury, except that the judge in settling the case must briefly specify the facts found by him, and his conclusions of law. But the question, whether of fact or of law, arising upon the trial, can only be reviewed in the manner prescribed by this section; the questions of law in every stage of the appeal, and the questions of fact upon the appeal to the general term of the same court, as prescribed by section 348."

Under section 348 an appeal upon the *law* may be taken to the general term from judgment entered upon the report of referees, or the direction of a single judge of the same court in *all* cases, and upon the *fact*, when the trial is by the court or referees.

It is apparent, as well from the language of section 268 as from its history and subject-matter, that two classes of exceptions are contemplated by its provisions. The first clause of the section provides that either party may except to a decision on a matter of law arising on the trial within ten days after notice of the judgment. This clause could not have been intended, and it has never been construed so as to authorize a party to except to a decision made on the trial in relation to the exception or rejection of evidence, or to take any exception which he might, and, according to the ordinary course of practice, would have been required to take on the trial. And yet such exceptions come within the letter of the section. They relate to "matters" or questions of law arising on the trial. It is clear, however, that they were not intended by the language of this clause, and that as to such exceptions the party, for all purposes of an appeal, is limited to those taken on the trial (*Brewer* agt. *Irish*, 12 *How.*, 486).

Consequently, after trial the first step will be to except, within the time limited, to the legal points and propositions involved in the final decision rendered against the party

intending to appeal. The next proceeding will be to prepare a case and have it settled. This is necessary for the purposes of a review, in whichever mode the cause has been tried. .It generally contains the evidence bearing upon the conclusion's of fact intended to be reviewed; the exceptions taken *during* the trial as well as those taken *after* the trial to the *final*  decision, and a separate statement of facts found and conclusions of law (*Johnson* agt. *Whitlock*, 13 *N. Y.*, 348).

Where the case, as settled, contains no exception, either to the final decision or to any question of law decided during the trial, the court cannot, on appeal, review it.

But exceptions to conclusions of law may be reviewed, although the printed case does not contain any of the evidence. On such an appeal the question is, has the judge or referee drawn a correct conclusion from established facts (*Frost* agt. *Smith*, 7 *Bosw.*, 108)? Findings of fact need no exception (*Hatch* agt. *Fogerty*, 7 *Robt.*, 488; *Lefler* agt. *Field*, 50 *Barb.*, 410; *Mayor*, &c., agt. *Erben*, 24 *How.*, 358; *Magie* agt. *Baker*, 14 *N. Y.*, 438).

And when a party relies *exclusively* upon erroneous decisions made *during* the trial, it is not necessary to make and serve formal exceptions to the conclusions of law or to the final decision (*Cowen* agt. *The Village of West Troy*, 43 *Barb.*, 48; *The Mayor*, &c., agt. *Erben*, 24 *How.*, 358).

Notwithstanding, therefore, the case before us contains no exception to the dismissal of the complaint or to the referee's conclusions of law, we have no doubt of our power to review the rulings of the referee upon the questions of evidence, which arose upon the trial and are presented by the exceptions taken at the time, and to reverse the judgment and grant a new trial if it be found that the referee has erred in any of these particulars to the prejudice of the plaintiff.

The principal exceptions relate to the exclusion of certain letters. Plaintiff's counsel offered in evidence, among other matters and in different forms, a part of the correspondence between the defendants and W. C. Zantzinger, and claimed

its admission on the ground that, taken as a whole, it afforded proof that the authority of Zantzinger as the agent of the plaintiff was limited, and that the defendants knew of such limitation. No particular parts of this correspondence were pointed out or referred to by plaintiff's counsel, nor was the said correspondence read or examined by the referee; but it was insisted that, by a general examination of these letters, certain admissions would be discovered from their general tenor.

The defendants objected (1) generally to the admissibility of the letters as evidence; (2) that as the purpose was to extract admissions from the letters generally, it could not fairly be done by introducing letters of considerable length without referring to any particular parts or passages as sustaining plaintiff's view, and that no right existed to introduce papers and insist that the defendant's counsel and the referee should perform the labor of plaintiff's counsel and discover the materiality of the testimony; and (3) that as the avowed purpose was from a lengthy correspondence as a result of the whole, and not from any particular portion to establish that defendants knew the limitation, that this conclusion could not be drawn from a part or from one side of the correspondence; that is, that as it required a careful examination to find the evidence of this knowledge, and as it only arose, as it were, from the flavor of the general correspondence, that it was but proper to introduce both sides. The referee ruled with the defendants, and excluded the letters.

Plaintiff's counsel then offered for the same purpose and in the same manner a part of the correspondence between the defendants and the plaintiff. This was also excluded. Plaintiff's counsel thereupon stated that the deposition of plaintiff, already taken herein, would supply the contents of the letters which were not produced, and he offered the deposition with the letters already produced as constituting a complete correspondence, with secondary proof of a part thereof. After an examination of this question and of the admissibility of the

letters written by the defendants, the referee ruled thereon as follows:

" To prove admissions by the defendants, the answers of Allen may be put in evidence: 1. To all of those letters from Dainese to themselves, which are mentioned in the depositions; and, also, 2. Their answers to letters written by Dainese to Zantzinger, and by Zantzinger communicated to them, as stated in Zantzinger's deposition and in Dainese's deposition. These letters to Zantzinger, communicated to defendants, are marked W. C. Z., 1–6. These letters from Dainese to defendants are dated January 25th, April 19th, May 24th, July 16th, August 16th, 1864"

A number of letters of the defendants to plaintiff, dated March 23d, April 5th, 15th, 16th, March (or May) 4th, May 14th, June 1st, 14th, July 8th, 27th, March 2d, 4th, 23d, 29th, April 25th, 26th, 29th, July 12th, all in 1864, were thereupon offered under the ruling of the referee for the purpose of proving by their general tenor admissions on the part of the defendants, but which the plaintiff's counsel stated, in answer to a question from the referee, did not appear (except that dated March 2d, 1864) to be specific answers to any of the letters mentioned in the referee's last ruling. No particular passages were pointed out to the referee, nor were the letters read by defendants' counsel or examined by the referee. The letters were objected to by the defendants' counsel as before, and were excluded, except that of March 2d, which plaintiff's counsel declined to put in evidence by itself.

Plaintiff's counsel finally read a number of letters that had passed between plaintiff and Hopper, and between plaintiff and the defendants, and they were received in evidence together, with other evidence of a documentary character.

Now it may well be that some, if not all, of the excluded letters were admissible. They certainly should have been received for what they were worth, if they had any bearing at all upon the points at issue. The declarations and admissions of a party are always admissible, and letters written by

a party are evidence against him without the production of those to which they are answers, provided they relate to a controverted question in the case, and thus become material. If irrelevant, however, they are to be excluded, and no counsel has a right to introduce whole packages of papers without reading them, or any of them, or otherwise showing their materiality by a reference to their essential parts. When, therefore, the attention of plaintiff's counsel was called to this point, he should have established their materiality by pointing out the particular passages upon which he intended to rely. He did not choose so to do ; nor did he see fit to enlighten us upon this point. None of these letters is set forth in the printed case, and, consequently, we are unable to determine whether the rejected correspondence, or some part thereof, in point of fact, contained what plaintiff's counsel, in the face of defendants' denial, claimed it did. The rule is that the appellate court will not inquire into the relevancy of rejected evidence, unless such evidence, or its substance, appear in the case, but will assume that the judge or referee who tried the cause properly rejected it (*Berry* agt. *Mayhew*, 1 *Daly*, 54).

On appeal, every reasonable intendment, on questions of law as well as of fact, is to be made in support of the judgment, and the party who alleges error in the decision of a referee, or of a judge without a jury, holds the *onus* of establishing, either that an erroneous legal conclusion has been deduced from the fact found, or that same error of law has been committed in the interlocutory proceedings by which such conclusion was reached (*Mead, Adm., &c.,* agt. *Bunn,* 32 *N. Y.,* 275 ; *Hervy* agt. *Kerr,* 8 *Bosw.,* 194 ; *Richardson* agt. *Dugan,* 8 *id.,* 207 ; *Hoyt* agt. *Hoyt,* 8 *id.,* 511 ; *Lee Bank* agt. *Satterlee,* 1 *Robt.,* 1 ; *Juliano* agt. *Watson,* 43 *N. Y.,* 577).

Plaintiff has not only failed to show any such error, but it even appears from the unquestioned findings and conclusions of the referee that plaintiff was not harmed by the exclusion

of the letters in question. The referee has found upon the whole case that before the shipment of goods took place the plaintiff displaced Zantzinger by Hopper; that plaintiff gave to the latter a general power and authority to purchase and forward the goods at such prices as he deemed advisable and proper; that the said power was without restriction and limitation, and fully authorized Hopper to act in the matter of the consignment to be made to the plaintiff, and in the selection of the persons who were to make it, as he thought proper; that Hopper consulted with the defendants and was informed by them of what had been done in carrying out plaintiff's order under Zantzinger's instructions; that Hopper approved of all that had been done, and instructed the defend- ants to complete the order; that after that time Hopper superintended the execution of the order, and that the same was executed and the shipment made to his satisfaction.

It appearing, therefore, that no error has been committed to the prejudice of the plaintiff, the judgment appealed from must be affirmed, with costs.

BARBOUR, C. J., and SEDGWICK, J., concurred.