By the Court.—Freedman, J.
Plaintiffs’ notice of motion did not specify, as required by rule 46, the irregularity complained of, and for such defect alone the order appealed from might be affirmed (Lewis v. Graham, 16 Abb. Pr. 126).
It appearing, however, that the motion was decided upon the merits, we have examined the question discussed below.
The action, being an ordinary action at law, was tried, with the consent of the parties, by a judge of this court without a jury, and the sole ground of the motion was that the said judge, in rendering his decision by which the complaint was dismissed on plaintiffs’ own showing, did not specify the facts found and his conclusions of law thereon.
Prior to the Code, a plaintiff could be compelled, at the trial, to submit to a nonsuit, when the evidence adduced was not sufficient to support the declaration. He could not be nonsuited, if he proved all that was *14 laid in the declaration, because that was available on demurrer (3 Wend. 158). But. in case of the insufficiency of the proof to support the declaration, it was the duty of the court to take the case from the jury and to nonsuit (1 Wend. 376 ; 6 Id. 436). The power to do so was held to be inherent in the courts and to result necessarily from the fact that they are the judges of the law of the case when no facts are in dispute (Pratt v. Hull, 13 Johns. 334).
By the judiciary act of 1847 (ch. 380, § 80), power was conferred upon the courts to try, with the consent of the parties, issues of fact in actions at law without a jury, and it was prescribed that the finding of a judge on such issues should in all respects have the same effect as the verdict of a juiy thereon. Section 367 of the Code, as originally enacted (§ 333 of 1848), further prescribed, that such decision should be in writing, and that it should contain, first, a statement of facts, and then the conclusion of law based thereon. The latter requirement was repealed by the amendment of 1849, and remained repealed until 1860. During this period it was sufficient if the decision of the judge stated in general terms the judgment to be entered thereon, and it was necessary only for the purpose of an appeal that the proper findings of fact and of law should appear in the case or bill of exceptions, which had to be prepared or settled for that purpose (Otis v. Spencer, 16 N. Y. 610 ; Johnson v. Whitlock, 13 Id. 344).
In 1860, section 367 was amended by the reinsertion of the requirement that upon the trial of a question of fact by the court, the decision shall contain a statement of the facts found, and the conclusions of law separately. Since that time, this section has undergone further amendments in other respects, but the said requirement was retained on these occasions, and it is still in force. It applies to every case in which ultimate facts which constitute the foundation fora judgment upon *15 the merits of the controversy, are either to be determined upon conflicting testimony or to be deduced from a number of isolated circumstances that appear in evidence (Bridger v. Weeks, 30 N. Y. 328). It therefore applies to an inquest on which the plaintiff seeks to establish the facts which have been put in issue by the answer, and which he is bound to establish by competent testimony, before he can recover. Burger v. Baker (4 Abb. Pr. 14), although decided prior to 1860, is undoubtedly good law upon this point at the present time.
Whenever, therefore, findings of fact are necessary, they should not only be made, but all the facts which enter into and form the basis of the judgment to be entered upon the decision, must be found. Ho factis or can be implied from the conclusions of law; the latter follow as the result of the facts separately stated (Tomlinson v. Mayor, &c. of Hew York, 23 How. Pr. 452).
But facts not found are necessarily negatived by implication (Sermont v. Baetjer, 49 Barb. 362; McAndrew v. Whitlock, 2 Sweeny, 623); and hence it follows that in "a decision dismissing the complaint on plaintiff’s own proof, which is simply a ruling that, as matter of law, the plaintiff failed to substantiate the allegations of the complaint, just as the order for a compulsory nonsuit under the old practice was a ruling that, as matter of law, the plaintiff had failed to support the declaration, and which in no wise affects the merits and does not bar another action, no special findings are necessary. Upon this point the old practice is not inconsistent with the Code, and therefore it is still in force (Code, § 469). Thus it was held in Nelson v. Ingersoll, 27 How. Pr. 1, that the defendant having failed to establish his counter-claim, the referee was not bound to find upon the facts of such counterclaim specially, but that, in finding for the plaintiff, he had negatived the counter-claim by implication.
*16 In this connection it may not be- ont of place to point out that, notwithstanding numerous changes have been made in section 272 of the Code, which relates to trials by referees exclusively, referees were at no time since .the year 1851 relieved from the duty of embodying in their report a statement of the facts found. To rectify-the error into which Judge Comstock had fallen, in Johnson v. Whitlock, 18 N. Y. [3 Kern.] 344, in extending the then existing and above-mentioned exemption of the judges from such duty to referees, the supreme court, soon after the decision of that case, enacted a rule, in which the duty of preparing findings was expressly insisted upon (Rule 32 of 1858, reenacted in 1870 as Rule 39). But the very language employed indicates that the requirement was not intended to embrace the case of a nonsuit. The rule commences by stating that on a hearing before referees the plaintiff may be nonsuited, or his complaint may be dismissed, in like manner as upon a trial, at any time before the cause has been finally submitted to the referees for their decision. In such case the referees shall report according to the fact, and judgment may thereupon be perfected by the defendant. But upon a trial, the referees are required, in their decision and final report, to state the facts found by them and their conclusions separately. That the word “ trial,” as here used, means a trial upon the merits, may be seen from the further provision, which requires that a copy of such findings shall be served with the notice of the judgment, and that the time within which exceptions may be taken to the report shall be computed from the time of such service. As at the time of the nonsuit both parties are before the referee, and the plaintiff has the opportunity to except at once, the requirement last referred to cannot have been intended to apply to the case of a dismissal of the complaint upon plaintiff’s undisputed testimony (see Dainese v. *17 Allen, 14 Abb. Pr. N. S. 363 ; S. C., 45 How. Pr. 430, where the two classes of exceptions contemplated by section 268 of the Code, and the mode and time of taking them, are discussed).
There was no irregularity in the entry of the judgment in this case. If plaintiffs desired a review upon the evidence, they were at liberty to prepare, within the time prescribed by law, a case, or exceptions, and, under section 268 and rule 41, to request the insertion of such findings' therein as they deemed necessary for the protection of their supposed rights. In such case' the judge’s refusal to find, followed up by an exception to such ruling, would, on a review of the whole' case, have presented a proper question for consideration on appeal (Van Slyke v. Hyatt, 46 N. Y. 259 ; Beck v. Sheldon, 48 Id. 365; McKeon v. See, 4 Rob. 449). Their neglect so to do cannot be cured in tho manner attempted.
The order appealed from should be affirmed, with, costs.
Curtis and Speir, JJ., concurred.