## CITY OF ROCHESTER, RESPONDENT, *v.* ERNEST M. CLOSE, APPELLANT.

*City of Rochester — power of the common council to pass ordinances — 1880, chap. 14, sec. 40, sub. 16.*

By subdivision 16 of section 40 of chapter 14 of 1880, the charter of the city of Rochester authorizes the common council thereof to make, modify and repeal such ordinances, by-laws and regulations, as it may deem desirable, " to regulate the ringing of bells and the crying of goods and other commodities for sale at auction or otherwise, and to prevent disturbing noises in the streets." Claiming to act under the authority conferred by the said section the common council passed an ordinance forbidding all sales of watches, jewelry, silver and silver-plated ware, diamonds, pearls and other jewelers' goods by public auction after sunset of any day.

*Held,* that the said section of the charter did not authorize the passage of the ordinance.

CERTIORARI to review the trial and conviction of the defendant for a violation of an ordinance of the city of Rochester by the police justice of the city of Rochester.

The defendant was arrested on the 19th day of February, 1883, upon a warrant issued by the police justice of the city of Rochester, charging him with having, on the 17th day of February, 1883, violated section 1 of chapter 55 of the penal ordinances of said city, relating to the sale of jewelers' goods at auction. The ordinance in question reads as follows:

" All sales of watches, jewelry, silver and silver-plated ware, diamonds, pearls and other jeweler's goods, by public auction, in the city of Rochester, by an auctioneer, shall be made in the daytime, and between sunrise and sunset; and it shall, after the passage of this ordinance, be unlawful for any person to expose for sale, at public auction, any goods of the class specified, after sunset of any day, under a penalty of fifty dollars for each offense."

The complaint alleged the incorporation of plaintiff; the due passage by the common council of plaintiff, of the ordinance in question, its due publication, and that it was in full force and effect from and after the date of its passage; that on the 17th day of February, 1883, defendant, at his store on West Main street, in said city, sold at public auction, he acting as auctioneer, after sunset of that day and up to nine o'clock in the evening, divers articles, watches, jewelry, silver-plated ware and other goods contrary to the provisions of said ordinance. The defendant's answer was a general denial.

Evidence was given by the plaintiff tending to show that defendant, on the 17th day of February, 1883, after the hour of sunset and before nine o'clock P. M., within defendant's store in Rochester, offered and sold at auction a silver watch, and also tending to establish the other allegations in the complaint. After the plaintiff had rested, defendant moved for a dismissal of the complaint, upon the ground, among others, that said council had no authority to pass the ordinance in question, and that the same was void. The police justice denied this motion and rendered judgment against the defendant for one penalty of fifty dollars. Subsequently the defendant was arrested upon an execution issued by said police justice upon said judgment, and paid said sum of fifty dollars.

*C. M. Allen*, for the appellant.

*J. N. Beckley*, for the respondent.

CHILDS, J. :

It was conceded, on the trial before the police justice, that the common council derived its authority to pass the ordinance in question solely from subdivision 16 of section 40 of the city charter, which reads·at follows :

" To regulate the ringing of bells, and the crying of goods and other commodities for sale at auction or otherwise, and to prevent disturbing noises in the streets." And the points submitted by the respondent refer to the same provision of the charter as authorizing the common council to pass the same. The question as to the authority of the council to pass this ordinance is, therefore, sharply presented, and the answer involves a construction of the statute which, it is claimed by the respondent, confers such authority. An ordinance passed by a municipal corporation must be made to conform strictly to the provisions of the charter. (*Cowen* v. *Village of West Troy*, 43 Barb., 48 ; *Thompson, Treas.,* v. *Schermerhorn*, 6 N. Y., 92.)

The statute does not purport to authorize the council to regulate the sale of goods at auction, but to regulate the " ringing of bells, and the crying of goods and other commodities, for sale at auction or otherwise, and to prevent disturbing noises in the streets. We think it is manifest from a careful reading of this statute that taken together it was intended to authorize the common council to pass such ordinances relating to the matters embraced therein as would insure the peace and quiet of the public, and prevent such noises and disturbances in the streets of the city as would tend to destroy the same. It has been and is an almost universal custom to employ persons known as criers, to announce sales of property at auction, such crier going about the streets ringing a bell for the purpose of attracting attention, and then making proclamation of the place where and of the kind of goods or property to be sold at auction.

Webster defines the word *cry* as follows : " To make oral and public proclamation of, to notify or advertise by outcry, especially things lost or found, goods to be sold, etc., public advertisement by outcry, proclamation, as by hawkers of their wares."

The statute authorizes the council to regulate the "ringing of bells and the crying (not selling) of goods and other commodities for sale at auction *or otherwise*," that is, the advertising of any sale of goods, by oral and public proclamation, by outcry ; and it is to *this* manner of advertising a sale that the statute refers, and to regulate which it confers authority upon the common council. It will be observed that the statute authorizes the council to regulate the crying of goods and other commodities for sale in any other manner than at auction, which, if the *sale* is authorized to be made the subject of regulation, would extend to every sale made at retail over the counter in the ordinary course of business.

It will not be contended that the statute would apply in such a case or confer any authority upon the council to in any manner regulate such a sale, yet the language of the statute includes such a sale as completely as a sale at auction. Should a merchant adopt the plan of advertising his goods for sale by oral and public proclamation by outcry, such manner of advertising could be regulated by ordinance of the common council. This was the authority intended to be conferred by the legislature in passing the statute under consideration, and the language employed being apt for that purpose, it cannot be extended to embrace other subjects not within the legislative intent. The ordinance in question was doubtless passed for the purpose of protecting the public from imposition in the purchase of a class of goods, the quality of which cannot well be determined by artificial light, and for that reason every intendment should be indulged in support of its validity, but the statute, which it is claimed confers the only authority upon the council for its passage, is in derogation of the common law and must be strictly construed.

We think the statute does not confer any authority on the council to regulate or prohibit a sale of goods at auction within the store or building of the seller, but that it relates solely to the manner or custom of advertising a sale by public outcry, and authorizes the council to regulate that custom or manner of advertising, but not to interfere in any manner with the sale, whether at auction or in any other manner adopted by the seller.

As a result of this conclusion, the ordinance in question is void, and for a violation thereof no action could be maintained by the

plaintiff. The judgment rendered by the police justice should be reversed, with fifty dollars costs and also disbursements to defendant, and the plaintiff ordered to restore to the defendant the sum of fifty dollars, collected from him on execution issued on such judgment.

HAIGHT, BRADLEY and ANGLE, JJ., concurred.

Judgment reversed, with fifty dollars costs and disbursements, to be taxed by the clerk, and plaintiff ordered to restore to defendant the fifty dollars collected of him by execution issued on the judgment.